```
                       UNITED STATES DISTRICT COURT
                      WESTERN DISTRICT OF WASHINGTON
                                AT TACOMA
```

MARK ALLEN SILVA,

                     Plaintiff,          No. C13-5938 RJB/KLS

    v.

                                       ORDER TO SHOW CAUSE

BRETT CURTWRIGHT, KELLY WICHERT, DEPARTMENT OF CORRECTIONS, LEWIS COUNTY JAIL STAFF, ALAN HONCIR, CO NUSS,

                    Defendants.

      This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Rules MJR 3 and 4.  Plaintiff has been granted leave to proceed *in forma pauperis*.  The Court has reviewed Plaintiff's civil rights complaint (ECF No. 9) but declines to serve the complaint because it is deficient.  ECF No. 9.  Plaintiff shall show cause why this case should not be dismissed.

## DISCUSSION

      Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); See *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).   A complaint is legally frivolous when it

ORDER TO SHOW CAUSE - 1

lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (i) the conduct complained of was committed by a person acting under color of state law and (ii) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 687 L.Ed.2d 420 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

On the basis of these standards, Plaintiff has failed to state a claim upon which relief can be granted. Plaintiff purports to sue Brett Curtwright, a community corrections officer; Kelly Wichert, a DOC Hearing Officer; the Department of Corrections; and Lewis County Jail Staff, including CCO Alan Honcir and CO Nuss. ECF No. 9. Plaintiff alleges that during a community custody hearing, he agreed to 25 days confinement in the Lewis County Jail. He claims that Lewis County Jail Staff released him before his confinement was complete even though he told the booking officers that he was not supposed to be released. When he did not report upon release to his community corrections officer, a warrant was issued for his arrest. Plaintiff claims that he felt threatened by his community corrections officer when he telephoned the day after his release. Plaintiff was apprehended and returned to the Lewis County Jail for a total of twenty days (10 days outstanding on his original sentence and 10 days sanction). *Id.* at 13.

Plaintiff's challenge to his current conviction for violation of the terms of his community custody are likely barred in this 42 U.S.C. § 1983 proceeding. *See Heck v. Humprey,* 512 U.S.

ORDER TO SHOW CAUSE - 2

477, 489 (1994).  Pursuant to *Heck,* a § 1983 claim that calls into question the lawfulness of a plaintiff's conviction or confinement does not accrue "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus"); *see also Edwards v. Balisok,* 520 U.S. 641, 646 (1997)(concluding that a § 1983 claim was not cognizable because allegation of procedural defect, i.e., a biased hearing officer, would result in an automatic reversal of prison disciplinary sanction).  *Heck* also applies to proceedings that call into question the fact or duration of parole or probation.

     Plaintiff's action, if successful, would necessarily imply the invalidity of his community-custody related confinement.  However, Plaintiff has not established that his re-incarceration has been invalidated on appeal, by a habeas petition, or through some similar, favorable proceeding.  *See Edwards,* 520 U.S. at 646.  The exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release is a writ of habeas corpus.  However, prisoners in state custody who wish to challenge the length of their confinement in federal court by a petition for writ of habeas corpus are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings (by filing a personal restraint petition).  Plaintiff must first present each and every issue he seeks to raise in federal court in the Washington Court of Appeals and the Washington Supreme Court.  *See* 28 U.S.C. § 2254(b)(c); *Granberry v. Greer*, 481 U.S. 129, 134 (1987); *Rose v. Lundy*, 455 U.S. 509 (1982); *McNeeley v. Arave*, 842 F.2d 230, 231 (9th Cir. 1988).  State remedies must be exhausted except in unusual circumstances.  *Granberry*, *supra*, at 134.  If state remedies have not been exhausted, the district court must dismiss the petition.  *Rose, supra*, at 510; *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988).  As a dismissal solely for failure to exhaust is not a

ORDER TO SHOW CAUSE - 3

dismissal on the merits, *Howard v. Lewis*, 905 F.2d 1318, 1322-23 (9th Cir. 1990), it is not a bar to returning to federal court after state remedies have been exhausted.

There is no allegation that Plaintiff's current conviction has been invalidated by a court of executive order. Therefore, any judgment in his favor in this case would necessary imply the invalidity of his sentence, as the logical consequence of such a judgment would be an earlier release from prison. Accordingly, Plaintiff's claim must first be considered in a state petition for habeas corpus and the claim must be appealed through all levels of the state appellate courts before it can be brought in the federal district court for review.

Plaintiff is **ORDERED** to show cause why the Court should not dismiss this case. Plaintiff must file a response with this Court on or before **November 22, 2013.** If he fails to do so, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g). Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed on grounds they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**DATED** this 31st day of October, 2013.

Karen L. Strombom
United States Magistrate Judge

ORDER TO SHOW CAUSE - 4