UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARK ALLEN SILVA,<br><br>                            Plaintiff,<br><br>    v.<br><br>BRETT CURTWRIGHT, et al.,<br><br>                            Defendants. | No. C13-5938 RBL/KLS<br><br>**REPORT AND RECOMMENDATION**<br>**Noted For: December 27, 2013** |

Plaintiff Mark Allen Silva was granted leave to file an amended complaint to state a claim under 42 U.S.C. § 1983. He has failed to do so and the undersigned recommends that his complaint be dismissed without prejudice prior to service.

**BACKGROUND**

On October 30, 2013, the Court granted Plaintiff's application to proceed in forma pauperis. Dkt. 8. The Court reviewed Plaintiff's complaint (Dkt. 9) but declined to serve it because it is deficient. The Court advised Plaintiff that his complaint, which seeks to challenge his conviction for violation of the terms of his community custody were likely barred in this 42 U.S.C. § 1983 proceeding pursuant to *Heck v. Humphrey,* 512 U.S. 477, 489 (1994). The Court ordered Plaintiff to show cause why his case should not be dismissed. Dkt. 10. On November 4, 2013, the Court's Order to Show Cause was returned as undeliverable because Plaintiff had been released from prison. Dkts. 11, 12. On the same day, Plaintiff filed a notice of change of address and the Clerk re-mailed the Order to Show Cause to Plaintiff at his new address. Dkt.

REPORT AND RECOMMENDATION - 1

13. Plaintiff has not responded to the Court's Order to Show Cause. Therefore, it is recommended that his complaint be dismissed.

## DISCUSSION

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id*. § 1915A(b). In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–557, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

Plaintiff purports to sue Brett Curtwright, a community corrections officer; Kelly Wichert, a DOC Hearing Officer; the Department of Corrections; and Lewis County Jail Staff, including CCO Alan Honcir and CO Nuss. Dkt. 9. Plaintiff alleges that during a community custody hearing, he agreed to 25 days confinement in the Lewis County Jail. He claims that Lewis County Jail Staff released him before his confinement was complete even though he told the booking officers that he was not supposed to be released. When he did not report upon release to his community corrections officer, a warrant was issued for his arrest. Plaintiff claims that he felt threatened by his community corrections officer when he telephoned the day after his release. Plaintiff was apprehended and returned to the Lewis County Jail for a total of twenty days (10 days outstanding on his original sentence and 10 days sanction). *Id.* at 13.

REPORT AND RECOMMENDATION - 2

Plaintiff's challenge to his conviction for violation of the terms of his community custody are likely barred in this 42 U.S.C. § 1983 proceeding.  *See Heck v. Humphrey,* 512 U.S. 477, 489 (1994).  Pursuant to *Heck,* a § 1983 claim that calls into question the lawfulness of a plaintiff's conviction or confinement does not accrue "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus"); *see also Edwards v. Balisok,* 520 U.S. 641, 646 (1997)(concluding that a § 1983 claim was not cognizable because allegation of procedural defect, i.e., a biased hearing officer, would result in an automatic reversal of prison disciplinary sanction).  *Heck* also applies to proceedings that call into question the fact or duration of parole or probation.

Plaintiff's action, if successful, would necessarily imply the invalidity of his community-custody related confinement.  However, Plaintiff has not established that his re-incarceration has been invalidated on appeal, by a habeas petition, or through some similar, favorable proceeding.  *See Edwards,* 520 U.S. at 646.  The exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release is a writ of habeas corpus.  However, prisoners in state custody who wish to challenge the length of their confinement in federal court by a petition for writ of habeas corpus are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings (by filing a personal restraint petition).  Plaintiff must first present each and every issue he seeks to raise in federal court in the Washington Court of Appeals and the Washington Supreme Court.  *See* 28 U.S.C. § 2254(b)(c); *Granberry v. Greer*, 481 U.S. 129, 134 (1987); *Rose v. Lundy*, 455 U.S. 509 (1982); *McNeeley v. Arave*, 842 F.2d 230, 231 (9th Cir. 1988).   State remedies must be exhausted except in unusual circumstances.  *Granberry*, *supra*, at 134.  If state remedies have not been exhausted, the district court must dismiss the petition.  *Rose, supra*, at 510; *Guizar v.*

REPORT AND RECOMMENDATION - 3

*Estelle*, 843 F.2d 371, 372 (9th Cir. 1988).  As a dismissal solely for failure to exhaust is not a dismissal on the merits, *Howard v. Lewis*, 905 F.2d 1318, 1322-23 (9th Cir. 1990), it is not a bar to returning to federal court after state remedies have been exhausted.

There is no allegation that Plaintiff's conviction has been invalidated by a court of executive order.  Therefore, any judgment in his favor in this case would necessary imply the invalidity of his sentence, as the logical consequence of such a judgment would be an earlier release from prison.  Accordingly, Plaintiff's claim must first be considered in a state petition for habeas corpus and the claim must be appealed through all levels of the state appellate courts before it can be brought in the federal district court for review.

## CONCLUSION

This case should be **dismissed without prejudice.**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **December 27, 2013,** as noted in the caption.

**DATED** this  10th  day of December, 2013.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4